IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RONNIE DYSON,

    Plaintiff,

vs.                                                      Case No: 1:11-cv-135-SPM-GRJ

REGIONS BANK, et al.,

    Defendants.
_____/

## ORDER

       This matter is before the Court on Plaintiff's complaint. (Doc. 1.) Plaintiff also filed a motion to proceed in forma pauperis along with the required financial affidavit. (Doc. 2.) The Court has reviewed the financial affidavit and finds the Plaintiff is unable to pay the costs of this action pursuant to 28 U.S.C. § 1915(a) and therefore leave to proceed *in forma pauperis* is due to be granted for the limited purpose of reviewing the sufficiency of Plaintiff's Complaint.

       Plaintiff filed his Complaint on the Court's civil rights complaint form for use by *pro se*, non prisoner litigants in actions under 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983. Plaintiff seeks to bring claims against several branches and affiliates of Regions Bank, several credit reporting bureaus, the United States Attorney General and Federal Trade Commission. Plaintiff alleges Regions Bank is responsible for protecting the civil rights of consumer and protecting consumers from identity theft, false advertising, and fraud. Plaintiff complains Regions Bank, its employees and affiliates have stolen this information from consumers and given it to unnamed third parties in violation of its own privacy policies. Plaintiff also includes more generalized grievances

against the banking system in the United States, complains about discrimination against the middle class and poor in the United States and complains about their role in causing the 2008 financial crisis.  Plaintiff seeks compensatory damages and punitive damages for violations of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Fair Housing Act, the Genetic Information Nondiscrimination Act of 2008 and a number of other federal laws and statutes.

Plaintiff's complaint is deficient because other than referencing general statements and referencing multiple federal statutes, Plaintiff fails to include any facts or provide any suggestion of the conduct engaged in by each Defendant which allegedly supports a claim under federal law.  However, because Plaintiff is proceeding *pro se* the Court will give Plaintiff a chance to amend his Complaint. In his amended complaint Plaintiff must allege facts supporting his claims and describe the specific conduct of each defendant which forms the basis of his claims under federal law. Disjointed and generalized statements without reference to specific facts and without reference to a particular defendant are wholly insufficient to state a cause of action.

Moreover, in order to demonstrate the Plaintiff has standing to bring the claims, the conduct about which Plaintiff claims must relate to the Plaintiff and not the public in general. Plaintiff must have suffered an "injury in fact," that is, "an invasion of a legally protected interest which is .... concrete and particularized" in order to have standing to bring a suit in federal court.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Accordingly, Plaintiff should take care to describe the specific conduct of each Defendant that Plaintiff contends violated his personal rights under either the Constitution or a federal statute and describe the injury he suffered as a result of the conduct by the Defendants.  Simply put, in its current formulation, the Complaint gives

no hint as to the factual or legal basis of any claims. Plaintiff should also take care to list only those Defendants in his Amended Complaint who had some sort of connection to a violation of his rights.

The Court will give Plaintiff an opportunity to amend his complaint consistent with the guidance provided in this order. To amend his complaint, Plaintiff must fill out the civil rights complaint form, marking it "First Amended Complaint." Plaintiff is advised that the amended complaint must contain all of Plaintiff's factual allegations set forth in separately numbered paragraphs and should not in any way refer to the original Complaint.

Accordingly, it is hereby **ORDERED**:

(1) The Clerk is directed to send Plaintiff a blank copy of the Court's civil rights complaint form for non-prisoners and instructions.

(2) Plaintiff shall fully complete the complaint form. In amending his Complaint, Plaintiff shall not refer back to the original Complaint or incorporate any part of the original Complaint by reference. Plaintiff shall file the amended complaint, together with an identical copy of the amended complaint for each Defendant, **on or before November 18, 2011.**

(3) Leave to proceed *in forma pauperis* is hereby **GRANTED** for the limited purpose of reviewing the complaint and amended complaint.

(4) Failure to comply with this order within the allotted time, or to show cause why Plaintiff is unable to comply, will result in a recommendation to the district judge that this case be dismissed without further notice for failure to prosecute and failure to obey a Court directive.

**DONE AND ORDERED** this 31st day of October 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge